### In re BROWN, DURRELL & CO.

(Circuit Court, D. Massachusetts. March 28, 1903.)

#### No. 515.

1. CUSTOMS DUTIES—RELIQUIDATION—PROTEST.
    Where part of an importation of merchandise, though not explicitly specified in the original protest against the duty imposed, is a subject of consideration on the reliquidation proceedings, the act of the collector on reliquidation is the act finally imposing the duty, as regards the time for protest.

Petition for Review by the United States, by the Collector of Customs for the Port of Boston and Charlestown, of Decision of Board of General Appraisers.

Henry P. Moulton, U. S. Atty., and William H. Garland, Asst. U. S. Atty.

W. Wickham Smith, for Brown, Durrell & Co.

Findings of Fact and Opinion of the Court.

ALDRICH, District Judge. The two cases of merchandise in question were imported with other cases of merchandise, and were a part of a single entry. The importers in their original protest, sea-

sonably made, objected to the entire duty imposed upon the importation included in the entry upon the ground that the so-called "Customs Administrative Act" of June 10, 1890, 26 Stat. 131 [U. S. Comp. St. 1901, p. 1886], was unconstitutional, but in that part of the original protest which related to the classification of the merchandise and the rate of duty imposed the two cases now in question were not specified with the others. Upon proceedings founded upon such protest, reliquidation was ordered upon the ground that the merchandise was subjected to a too high rate of duty, and, while the two cases in question were not explicitly named in that part of the protest which related to the rate of duty, it is conceded that the merchandise which they contained was in fact subjected to an unlawful rate of duty.

The government, therefore, holds money which it received as the result of subjecting the importers' merchandise to a rate of duty which the statute did not authorize. The red-ink marks upon the entry sheet, which indicate the action of the collector upon reliquidation, show that the two cases of merchandise in question were a subject of consideration in the reliquidation proceedings. Upon the sheet which was before the collector when the entry was being reliquidated a reduction of duty was entered as to certain of the cases of merchandise in the importation, and the cases in question were checked off as not entitled to a reduction.

It was thus determined upon reliquidation that they should stand subject to a rate of duty which it is conceded the statute did not subject them to. I find as a matter of fact that these two cases of merchandise, though not explicitly specified in the original protest, were a subject of reconsideration by the collector under the reliquidation proceedings. The importers filed a protest within 10 days after the reliquidation against the rate of duty thus reimposed upon the two cases now in question. The protest was sustained by the general appraisers.

I am inclined to view the reliquidation as the final and effective imposition of the duty complained of. The last paragraph of the opinion of the Supreme Court in Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269, would indicate that the time to protest did not begin to run until then. It is there observed that the previous liquidation is necessarily abandoned by the corrections subsequently made. If we are to treat the act of the collector upon reliquidation as the act which finally imposed the duty, the protest was, of course, seasonably made. It would seem that the right of the government to hold the duty must depend upon the situation upon which the final act of the collector was based.

I think the petition should be denied, and it is so ordered. The decision of the board of general appraisers is affirmed.